UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SUE SEXTON and MICHAEL SEXTON,

     Plaintiffs,                        Case No. 19-12574

v.

LARRY LYNN DUNN,  THOMAS          Wayne County Circuit Court
CERNUTO, REDFORD CHARTER     Case No. 19-010150-NO
TOWNSHIP, a municipal corporation,
jointly and severally,

     Defendants.

---

HADDAD LAW FIRM, PLC
Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, MI  48025
(248) 633-8500
issa@haddlaw.com

MARKO LAW, PLLC
Jonathan R. Marko (P74250)
Attorney for Plaintiffs
27735 Jefferson Avenue
St. Clair Shores, MI  48081
(616) 813-7627
jon@jmarkolaw.com

LAKIN LAW PLLC
Marc R. Lakin (P41147)
Attorney for Defendant Dunn
283 E. Frank Street
Birmingham, MI  48009-3636
(248)723-1199/Fax:  (248) 594-7546
marclakin@mac.com

KELLER THOMA, P.C.
Thomas L. Fleury (P24064)
Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen, Suite 1240
Southfield, MI  48076
(313) 965-0857/Fax: (313) 965-4480
tlf@kellerthoma.com
kej@kellerthoma.com

CUMMINGS, McCLOREY,
DAVIS & ACHO
Suzanne P. Bartos (P36490)
Attorney for Defendant
Redford Charter Township
17436 College Parkway
Livonia, MI  48152
(734) 261-2400/Fax:  (734) 261-4510
sbartos@cmda-law.com

---

## DEFENDANTS' NOTICE OF REMOVAL

TO:   Issa G. Haddad (P71699)                Clerk of the Court
        Attorney for Plaintiffs              Wayne County Circuit Court
        30600 Telegraph Road, Suite 3150    2 Woodward Avenue
        Bingham Farms, MI  48025           Detroit, MI 48226

        Jonathan R. Marko (P74250)
        Attorney for Plaintiffs
        27735 Jefferson Avenue
        St. Clair Shores, MI 48081

**PLEASE TAKE NOTICE** that Defendants, **LARRY LYNN DUNN**, by his attorney **LAKIN LAW PLLC**, **THOMAS CERNUTO**, by his attorneys, **KELLER THOMA, P.C.**, and **REDFORD CHARTER TOWNSHIP** (collectively "Defendants"), by its attorneys, **CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC**, give notice that, pursuant to 28 U.S.C. §1441, the above-captioned action is removed from the Wayne County Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, on this 3rd of September 2019, for the reasons set forth below:

## COMMENCEMENT OF ACTION IN STATE COURT

1.     On or about July 29, 2019, Plaintiffs Linda Sue Sexton and Michael Sexton (collectively "Plaintiffs") commenced a civil action against Defendants in the Wayne County Circuit Court, entitled *Linda Sue Sexton, et al. v. Larry Lynn Dunn, et al.*, being case number 19-010150-NO ("Wayne County action").

2.     On or about August 11, 2019, Plaintiffs personally served Defendant Larry Lynn Dunn with a Summons and copy of the Complaint.

3.     On or about August 4, 2019, Plaintiffs personally served Defendant Thomas Cernuto with a Summons and copy of the Complaint.

4.     On  or about August 5, 2019, Plaintiffs served Defendant Redford Township with a Summons and copy of the Complaint.

5.     The Summons and Complaint constitute all process, pleadings, and orders served upon Defendants in this action. *See* Summons and Complaint, attached hereto.

6.     Defendants has not yet answered Plaintiffs' Complaint and the time for answering the Complaint has not expired.

7.     Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1146, all Defendants now seek to remove this matter to Federal Court based upon federal question jurisdiction.

## JURISDICTIONAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL

8.     This Notice of Removal is being filed within thirty (30) days of the first notice of the Summons and Complaint upon Defendants.

9.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants in the Wayne County action are attached hereto.

10.     This is a civil action in which the Court has original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §1331.

11.     Plaintiffs' Complaint includes the following counts: (I) Violation of the Fourth Amendment to the Constitution of the United States, (II) Violation of the Fourteenth Amendment to the Constitution of the United States, (II)[sic] Failure to Protect, (IV) Bystander Liability/Joint Liability, (V) Civil Conspiracy, (VI) Violation of the Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq.* ("ELCRA") – Public Accommodations, (VII) Violation of ELCRA – Hostile Work Environment, (VIII) Violation of ELCRA – Disparate Treatment, (IX) *Monell* Claim redressible under 42 U.S.C. §1983,  and (X) loss of consortium.  *See* Summons and Complaint, attached hereto.

12.     Pursuant to 28 U.S.C. §1331 this Court has original jurisdiction of this action since Plaintiff's Complaint involves claims arising under the laws of the United States, i.e., the United States Constitution.

13.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiffs' state law claims because they are so related to their claims arising under federal law that they constitute the same case or controversy under Article III of the United States Constitution.

14.     Pursuant to 28 U.S.C. §1441(a), the alleged events giving rise to Plaintiffs' claims occurred in Wayne County, Michigan, in the federal judicial district for the Eastern District of Michigan, Southern Division.

15.     Pursuant to 28 U.S.C. §1446(b), the time to remove this action has not yet expired.

16.     Pursuant to 28 U.S.C. §1446(b)(2)(A), all Defendants join in and consent to the removal of this action.

17.     Pursuant to 28 U.S.C. §1446(d), Defendants served this Notice on all adverse parties and the Wayne County Circuit Court.

**WHEREFORE**, Defendants hereby respectfully give notice that this action is removed to this Court, for the reason and pursuant to the authority set forth above.

KELLER THOMA, P.C.

By:   /s/ Kathryn E. Jones
        Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen, Suite 1240
Southfield, MI  48076
(313) 965-0857/Fax: (313) 965-4480
kej@kellerthoma.com

CUMMINGS, McCLOREY,
DAVIS & ACHO

By:   /s/ Suzanne P. Bartos (w/consent)
        Suzanne P. Bartos (P36490)
Attorneys for Defendant
Redford Charter Township
17436 College Parkway
Livonia, MI  48152
(734) 261-2400/Fax:  (734) 261-4510
sbartos@cmda-law.com

4

LAKIN LAW PLLC

By:  /s/ Marc R. Lakin (w/consent)
      Marc R. Lakin (P41147)
Attorney for Defendant Dunn
283 E. Frank Street
Birmingham, MI  48009-3636
(248)723-1199/Fax:  (248) 594-7546
marclakin@mac.com

Dated:  September 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, I electronically filed the foregoing paper, ***Defendants' Notice of Removal***, with the Clerk of the Court using the ECF system, and served a copy by First Class U.S. Mail upon:

Issa G. Haddad                          Marc R. Lakin, Esq.
Haddad Law Firm, PLC                    Lakin Law PLLC
30600 Telegraph Road, Suite 3150        283 E. Frank Street
Bingham Farms, MI  48025                Birmingham, MI  48009-3636

Jonathan R. Marko, Esq.                 Suzanne P. Bartos, Esq.
Marko Law, PLLC                         Cummings, McClorey, Davis & Acho
Attorney for Plaintiffs                 17436 College Parkway
27735 Jefferson Avenue                  Livonia, MI  48152
St. Clair Shores, MI  48081

and via the M-File ECF system on:
Clerk of the Court
Wayne County Circuit Court
2 Woodward Avenue
Detroit, MI 48226

                                        /s/ Kathryn E. Jones
                                        Kathryn E. Jones (P75431)

Approved, SCAO

Original - Court
1st Copy - Defendant

2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 19-010150-NO Hon. Edward Ewell, Jr. |
|---|---|---|

Court address  2 Woodward Ave  Detroit MI 48226                           Court telephone no  313-224-5195

Plaintiff's name(s), address(es), and telephone no(s)
Sexton, Linda Sue     et. Al

v

Defendant's name(s), address(es), and telephone no(s).

Dunn, Larry Lynn

Plaintiff's attorney, bar no., address, and telephone no
Issa Ghaleb Haddad 71699
30600 Telegraph Rd Ste 3150
Bingham Farms, MI 48025-4589

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending

Summons section completed by court clerk                    SUMMONS

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to **file a written answer with the court and serve a** copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 7/29/2019 | Expiration date* 10/28/2019 | Court clerk Inga Robertson |
|---|---|---|

Cathy M  Garrett  Wayne County Clerk

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19)        SUMMONS                        MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**19-010150-NO**<br>**Hon.Edward Ewell, Jr.** |

Court address : 2 Woodward Ave., Detroit MI 48226

Court telephone no.: 313-224-5195

| Plaintiff's name(s), address(es), and telephone no(s)<br>Sexton, Linda Sue     et. Al | v | Defendant's name(s), address(es), and telephone no(s).<br>Cernuto, Thomas |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no
Issa Ghaleb Haddad 71699
30600 Telegraph Rd Ste 3150
Bingham Farms, MI 48025-4589

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer** with the court and serve a copy on the other party **or take other lawful action** with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/29/2019 | Expiration date*<br>10/28/2019 | Court clerk<br>Inga Robertson |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date  This document must be sealed by the seal of the court.

MC 01 (1/19)          SUMMONS          MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



19-010150-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    7/29/2019 4:40 PM    Inga Robertson

Haddad Law Firm, PLC.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**LINDA SUE SEXTON,** and
**MICHAEL SEXTON,**
      Plaintiffs,

v.

Case No. 19- C10150 -NO

**LARRY LYNN DUNN,**
**THOMAS CERNUTO,**
**REDFORD CHARTER TOWNSHIP,**
a municipal corporation;
Jointly and severally
      Defendants.

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

Marko Law, PLLC
By: Jonathan R. Marko (P72450)
Attorney for Plaintiffs
27735 Jefferson Ave
St. Clair Shores, MI 48081
616-813-7627
jon@jmarkolaw.com

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.*

## CIVIL RIGHTS COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, Linda Sue Sexton and Michael Sexton, by and through their

attorneys, Issa Haddad and Jonathan Marko and for Plaintiffs' Civil Rights Complaint and Jury

Demand, states as follows:

Haddad Law Firm, PLC

## A.   Introduction

1.     This case arises out of Redford District Court work program Supervisor Defendant Larry Lynn Dunn sexually assaulting Plaintiff Mrs. Sexton. Mrs. Sexton was on probation for a minor criminal infraction and forced to report to the work program as a condition of her probation. After reporting to the work program, she was isolated by Defendant Supervisor Dunn, and repeatably sexually assaulted over a two day period.

### JURISDICTION

2.     The events which are the subject matter of this Complaint occurred in the Redford Charter Township, County of Wayne, State of Michigan.

3.     The amount in controversy greatly exceeds this courts jurisdictional requirements, exclusive of interest, costs and attorney's fees.

### VENUE

4.     Venue and jurisdiction are properly vested in this court.

### PARTIES

5.     Plaintiff, Linda Sue Sexton, is a resident of the State of Michigan.

6.     Plaintiff, Michael Sexton, is a resident of the State of Michigan.

7.     Defendant Larry Lynn Dunn is a resident of Sterling Heights, County of Macomb, State of Michigan, and held employment as a Supervisor for the Redford Charter Township Work Program.

8.     Defendant Thomas Cernuto is a resident of Dearborn Heights, County of Wayne, State of Michigan, and held employment as a Supervisor for the Redford Charter Township Work Program

9.      Defendant Redford Charter Township is a municipal corporation in the County of
Wayne, State of Michigan.

## COMMON ALLEGATIONS

### B.      Redford Charter Township Work Program

10.     Plaintiff was ordered by the court to complete a work program as part of her
probation.

11.     Plaintiff was ordered by the court to complete five days of the work program.

12.     Plaintiff first reported to the work program on July 29, 2017 and again on July 30,
2017.

13.     On Saturday July 29, 2017, Plaintiff reported to Handy Park in Redford Charter
Township at or about 7:45am and signed the sign-in sheet.

14.     After signing in, the supervisors, specifically Defendant Larry Dunn, told the
participants the rules, which included: no cell phones, no speaking or arguing with the public,
wear proper attire, to arrive on time, no alcohol, you are not allowed to leave the premises
without permission of a supervisor. You must report regardless of weather conditions and most
importantly you must obey all orders given by your supervisors, and if you violate you will do
jail time.

15.     Defendant Dunn told the participants that the supervisors work for the courts and
the Redford police and the probationers work for him.

16.     Defendant Dunn and the other supervisor, Defendant Cernuto, drove program
vehicles with labels "Work Program" and a truck with an emblem of the "Redford Charter
Township" on the truck.

- 3 -

C.     **Day One, Saturday July 29, 2017**

17.     On or about Saturday July 29, 2017, Plaintiff and the other participants retrieved tools from the maintenance building and were told to get into the van and Plaintiff complied.

18.     Plaintiff entered the van which Defendant, Cernuto, was driving along with the other participants.

19.     Defendant, Cernuto, drove the participants to a Speedway gas station for a break.

20.     Consequently, the participants were told to get back into the van.

21.     Defendant Dunn told Defendant Cernuto that Plaintiff would be riding with him in the blue truck.

22.     From Speedway, Defendant Cernuto and the other participants went a different route from Defendant Dunn and Plaintiff.

23.     Defendant Dunn asked Plaintiff personal questions like where she lived.

24.     Defendant Dunn told Plaintiff that he was divorced, he drove a truck which hauls steel rolls, and that he got Defendant Cernuto the job at Redford.

25.     Defendant Dunn told Plaintiff that he knows everyone in Redford.

26.     Defendant Dunn turned down an unknown street in Redford to show Plaintiff where his ex-wife still lives.

27.     Defendant Dunn told Plaintiff that his ex-wife's neighbors are his relatives.

28.     Defendant Dunn told Plaintiff that his ex-wife could not please him sexually anymore.

29.     In response to Defendant Dunn's highly inappropriate remarks, Plaintiff felt uncomfortable and confused as to why Defendant Dunn made these statements as Plaintiff was not speaking about these subjects.

30.     Defendant Dunn stated he wanted more sex from his ex-wife.

31.     Defendant Dunn started telling Plaintiff how attractive she was.

32.     Being uncomfortable, Plaintiff asked Defendant Dunn if they should go find the other workers, to which Defendant Dunn responded, "I'm the boss!"

33.     Defendant Dunn further stated that he makes the rules!

34.     Defendant Dunn went on to say that he would like to show Plaintiff his house sometime.

35.     Defendant Dunn and Plaintiff eventually reunited with the other participants and worked for approximately an hour before being instructed that they were done at that location and to load back up.

36.     Plaintiff tried to get into the van with Defendant Cernuto but he said "No! You're driving with Larry (Defendant Dunn)!"

37.     Defendant Dunn then smiled at Plaintiff and said, "You will be riding with me from now on, baby."

38.     The other participant then drove with Defendant Cernuto while Plaintiff rode with Defendant Dunn to the second location which was east of Telegraph near a creek and an Orthodox Church to pick up trash.

39.     While the participants were working, Defendant Cernuto and Defendant Dunn were sitting in their individual vehicles.

40.     While driving down West Chicago towards Handy Park in Redford Township, Defendant Dunn said to Plaintiff that he loved watching her bend over and asked why she was wearing long jeans and a long sleeve shirt.

41.     Defendant Dunn then told Plaintiff that she had a nice ass.

- 5 -

42.     Defendant Dunn went on to tell Plaintiff that when she comes in tomorrow, she should wear a pair of short shorts, tank top, and a thong.

43.     Once again, these inappropriate comments were making Plaintiff more nervous and uncomfortable than before.

44.     At approximately 11:00am, Plaintiff was able to make it out of the truck and not be alone with Defendant Dunn because it was lunch time.

45.     Plaintiff desired to go home but was afraid to leave because that would violate her probation.

46.     Plaintiff sat in a pavilion in the park and Defendant Dunn refused to leave her alone, he followed her and sat down across from her.

47.     Defendant Cernuto and the other participants returned from lunch and all participants were instructed that it was time to go to the next location.

48.     Consequently, Defendant Dunn told Plaintiff, "Remember, you ride with me in the truck."

49.     Defendant Cernuto told Defendant Dunn that he and the other participants would meet Defendant Dunn and Plaintiff at the Redford Township Police Station.

50.     Defendant Dunn reached over and began rubbing Plaintiff's hand and said, "What's wrong, beautiful?"

51.     Plaintiff responded that her hands hurt from working.

52.     In response, Defendant Dunn said "Don't worry baby, I'll take care of you, you're mine."

53.     After arriving at the Redford Township Police Station, Plaintiff requested to clean around the police station and was allowed to do so.

54. Defendant Dunn approached Plaintiff while cleaning and said, "I can find you anywhere."

55. Shortly after, Defendant Cernuto and Defendant Dunn said everyone could have a cigarette break.

56. Consequently, Defendant Dunn asked Plaintiff to go with him to get something to drink; Plaintiff was singled out, and said no.

57. At approximately 1:30pm, Defendant Cernuto and Defendant Dunn decided they should take the participants to a community farm to clean. The farm was on Beech Daily next to a large liquor store called Keg and Wine.

58. En route to the community farm, Defendant Dunn said more inappropriate things to Plaintiff, such as you-are so beautiful, you have beautiful eyes, I love watching you bend over and pick up garbage, you have a nice ass.

59. Plaintiff replied that she is married.

60. Defendant Dunn replied that he does not care and just wants to be with Plaintiff.

61. Defendant Cernuto and the other participants arrived in the work program van and Defendant Dunn and Plaintiff arrived in the truck at the community farm.

62. Once Defendant Dunn and Plaintiff returned to the truck, Defendant Dunn had a bag of vegetables and pulled a cucumber out and said, "I hope you like cucumbers."

63. Plaintiff responded that she did not.

64. Defendant Dunn then stated, "Not to eat, every lady needs a nice big cucumber."

65. At approximately 3:00pm, Defendant Dunn and Plaintiff arrived at the maintenance department and allowed everyone to sign out and go home.

66.     Plaintiff began walking down Capital Street and a few minutes later, Defendant Dunn pulled up in a car and asked if he could drive Plaintiff home.

67.     Plaintiff declined and Defendant Dunn replied with, "Come on, go for a ride with me."

68.     Plaintiff was terrified and wanted to go home, Plaintiff could not stop crying.

69.     Plaintiff told her husband that she was terrified and did not want to go back to the work program the next day.

70.     Plaintiff was also scared that since Defendant Dunn worked for the Redford Police and the 17th District Court that no one would believe her.

71.     Plaintiff's was advised by her husband to take a recorder with her.

**D.     Day Two, Sunday July 30, 2017**

72.     On Sunday July 30, 2017 on or about 7:45am, Plaintiff arrived at the Redford Work Program.

73.     Upon Plaintiff's arrival, Defendant Dunn who was sitting on a motorcycle said, "Come here, do you like my motorcycle?"

74.     Plaintiff responded that she is afraid of motorcycles.

75.     Defendant Dunn then replied, "You wouldn't be with me baby, I'll hold you tight."

76.     The participants were told they would be working on the I-96 service drive and the fenced side of I-96 and the overpass.

77.     Defendant Cernuto told Plaintiff to go with Defendant Dunn. Plaintiff complied and got into the truck with Defendant Dunn and turned on her recorder.

Haddad Law Firm, PLC.

78.  In the truck, Defendant Dunn said Plaintiff looks beautiful, has great legs, that she should have worn shorter shorts and asked why she did not listen to him and wear short shorts.

79.  Defendant Dunn and Plaintiff drove to the maintenance building which was locked so Defendant Dunn unlocked it and told Plaintiff to help him grab the tools.

80.  Defendant Dunn handed a shovel to Plaintiff in one hand and a broom in the other.

81.  Consequently, Defendant Dunn began kissing Plaintiff.

82.  Plaintiff was shocked and froze.

83.  Defendant Dunn squeezed Plaintiff's breast and put his hand inside Plaintiff's underwear and digitally penetrated Plaintiff's vagina.

84.  Plaintiff pulled away and said they have to go.

85.  Plaintiff was shaking, mind racing, and asked to use the ladies room.

86.  In the ladies room, Plaintiff checked to see if the recorder was on, but it was not so she turned it on to make sure it was working and put it in the pocket of her shorts.

87.  Plaintiff left the ladies room and got into the truck with the tools, terrified.

88.  Plaintiff and the other participants went on lunch and when they returned, they got into the work van while Plaintiff was told to go into the truck with Defendant Dunn.

89.  Plaintiff saw an item in the truck and asked if that's a long cable or rope. Defendant Dunn replied that "it was to tie [Plaintiff] up and kidnap [her].

90.  Plaintiff's stomach dropped and became very nervous.

91.  Defendant Dunn drove Plaintiff to a building that was boarded up.

92.  Plaintiff asked what they were doing here. Defendant Dunn had a ring of keys and replied that "I am the mayor."

93.     Plaintiff and Defendant Dunn exited the truck and Defendant Dunn unlocked the door of the building.

94.     Once inside the building, Defendant Dunn closed the door behind him and grabbed Plaintiff and started kissing her, then on her neck, and grabbed her breast.

95.     Defendant Dunn then opened the door and let Plaintiff out. Consequently, Defendant Dunn said, "I will have to give you mouth to mouth resuscitation if you faint."

96.     Defendant Dunn and Plaintiff got back into the truck and Defendant Dunn, while driving, said, "I want to lay you down and make love to you, and sing to you."

97.     Defendant Dunn started singing and said the song's called "I want to motorboat you."

98.     Defendant Dunn told Plaintiff she's a great kisser and how beautiful she is.

99.     Plaintiff was terrified and feared that Defendant Dunn would kidnap or tie her up.

100.    Defendant Dunn and Plaintiff returned to the maintenance garage at approximately 3:00pm and were permitted to sign out and go home.

101.    Plaintiff avoided Defendant Dunn and began walking home.

102.    As Plaintiff was walking home, Defendant Dunn pulled up on his motorcycle and asked if she wanted a ride again. Plaintiff said declined, and Defendant Dunn replied "Come take a ride with me."

103.    Defendant Dunn turned his motorcycle off and told Plaintiff he would be checking the computer to see when Plaintiff was working again.

F.    **Reporting to the Police and Police investigation/Prosecution**

104.    Plaintiff filed a report with the Michigan State Police.

105.    The Michigan State Police interviewed Defendant Dunn and Defendant Cernuto.

Haddad Law Firm, PLC.

106.   Defendant Dunn admitted to kissing Plaintiff Linda Sexton but denied any sexual assault.

107.   Defendant Dunn was asked to submit to a polygraph test regarding the sexual assault.

108.   On August 23, 2017, Defendant Dunn submitted himself to a Michigan State Police polygraph examination.

109.   The polygraph test questions were as follows:

      a.   Did you touch her bare vagina?

      b.   Did you touch her bare vagina in that shed?

110.   Defendant Dunn answered "No" to both questions.

111.   The polygraph report stated that Defendant Dunn was **NOT BEING TRUTHFUL.  (See Attached Exhibit A.)**

112.   The Wayne County Prosecutors Office filed felony charges against Defendant Dunn.

113.   On January 10, 2019, Defendant plead and was convicted for his July 29, 2017 and July 30, 2017 actions against Plaintiff.

114.   As a direct and proximate result of Defendants negligent and/or intentional actions and/or omissions, Plaintiffs have suffered and continues to suffer the following injuries and damages:

      a.   Severe emotional and mental distress;

      b.   Economic losses;

      c.   Humiliation, grief, embarrassment;

      d.   Loss of reputation and esteem in the community;

Haddad Law Firm, PLC.

e.    Fright and shock;

f.    Inability to experience social pleasures and enjoyment;

g.    Physical manifestations including shaking of hands, nausea, increased anxiety, headaches, crying spells, nightmares, cold sweats, loss of appetite, sleeplessness and other physical manifestations;

h.    Loss of earning capacity

i.    Reasonable attorney fees and costs; and

j.    All additional injuries and damages discovered throughout the course of this litigation.

## LEGAL CLAIMS

### COUNT I:
### FOURTH AMENDMENT VIOLATION
### Defendant Dunn

115.    Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

116.    The Fourth Amendment applies to municipal supervisors and encompasses the right to be free from unreasonable bodily restraint and unreasonable seizure.

117.    Isolating an individual, like Plaintiff, by placing her in a boarded-up building, when Plaintiff was instructed to obey all commands by Defendant otherwise there are unreasonable repercussions, was an unreasonable restraint in violation of the Fourth Amendment.

118.    Defendant Dunn's insertion of his fingers into Plaintiff's vagina, kissing her, groping her, without her consent was an unreasonable seizure in violation of the Fourth Amendment.

119.    Plaintiff Linda Sexton suffered injuries as a result of these constitutional violations as stated above.

120.    The acts and omissions of Defendant Dunn, among others, proximately caused those injuries.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and punitive damages), to enter a declaratory judgment declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff any other relief to which it may appear he is entitled.

<div align="center">

**COUNT II**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**RIGHT TO PERSONAL SECURITY AND BODILY INTEGRITY**
**Defendant Dunn**

</div>

121.    Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

122.    The Fourteenth Amendment encompasses the right to personal security and bodily integrity and applies to municipal employees/supervisors such as Defendant Dunn.

123.    Isolating an individual, like Plaintiff, by placing her in a boarded-up building, when Plaintiff was instructed to obey all commands by Defendant otherwise there are unreasonable repercussions, is a violation of the Fourteenth Amendment right to personal security and bodily integrity.

124.    Defendant Dunn's insertion of his fingers into Plaintiff's vagina, kissing her, groping her, without her consent was an unreasonable seizure in violation of the Fourth Amendment.

- 13 -

Haddad Law Firm, PLC

125.   Plaintiff suffered injuries as a result of these constitutional violations as stated above.

126.   The acts and omissions of Defendant Dunn, among others, proximately caused those injuries.

127.   Plaintiff Linda Sexton suffered injuries as a result of these Fourteenth Amendment violations as stated above.

128.   Defendant's acts and/or omissions proximately caused the injuries.

## COUNT II:
## FAILURE TO PROTECT
### Defendant Cernuto

129.   Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

130.   At all times relevant to this Complaint, Defendant Cernuto acted in his respective supervisor capacities under color of state law.

131.   At all relevant times, Defendant Dunn knowingly and unlawfully restrained Plaintiff as described above.

132.   At all relevant times, Defendant Cernuto allowed and did not object or protect Plaintiff Linda Sexton from being alone with Defendant Dunn.

133.   As a direct and proximate result of Defendant Cernuto's conduct, Plaintiff was secretly confined and sexually assaulted.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and punitive damages), to enter a declaratory judgment declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter

injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff any other relief to which it may appear he is entitled.

## COUNT IV:
### BYSTANDER LIABILITY/JOINT TORTFEASER
### Defendant Dunn and Cernuto

134.   Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

135.   Defendants entered into a conspiracy.

136.   Defendants entered into said conspiracy for the purpose of depriving Plaintiff, either directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws

137.   Defendants participated in an act in furtherance of this conspiracy by acquiescing to Defendant Dunn's control over Plaintiff's actions.

138.   Moreover, Defendant Cernuto had an obligation under the law to prevent constitutional violations that were occurring that he had the opportunity and ability to stop.

139.   As a result of Defendants' conduct, Plaintiff has been injured or deprived of rights or privileges of a citizen of the United States.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and punitive damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

Haddad Law Firm, PLC.

## COUNT V:
## CIVIL CONSPIRACY

140.    Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

141.    Defendants engaged in concerted action by a combination of two or more persons.

142.    Defendants engaged in said action to accomplish an unlawful purpose.

143.    Defendants engaged in said action to accomplish a lawful purpose by unlawful

means.

WHEREFORE, Plaintiffs respectfully requests this Honorable Court to enter a judgment

awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not

limited to compensatory, special, consequential, and exemplary damages), to enter a declaratory

judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter

injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's

constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

## COUNT VI:
## ELLIOT LARSON CIVIL RIGHTS
## PUBLIC ACCOMMODATIONS
### All Defendants

144.    Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

145.    The Elliott-Larsen Civil Rights Act ("ELCRA") states in relevant part that

Except where permitted by law, a person shall not:
(a) Deny an individual the full and equal enjoyment of the goods,
services, facilities, privileges, advantages, or accommodations of a
place of public accommodation because of...sex.

MCL 37.2302(a).

146.    ELCRA further provides that

(i)    Discrimination because of sex includes sexual harassment. Sexual
harassment means unwelcome sexual advances, requests for sexual
favors, and other verbal or physical conduct or communication of a
sexual nature under the following conditions:

- 16 -

Haddad Law Firm, PLC

> *(iii)*   The conduct or communication or effect of substantially interfering with an individual's…public accommodations or public services…or creating an intimidating, hostile, or offensive…public accommodations, public services…

MCL 37.2103(i).

147.   At all relevant times, Defendants offered a place of public accommodation, covered by and within the meaning of ELCRA.

148.   At all relevant times, Defendant Dunn was acting within the course and scope of his employment as a supervisor of the work program employed of Defendant Redford Charter Township.

149.   Defendant Dunn engaged in sexual harassment by making unwelcome sexual advantages, implicit requests for sexual favors, and other physical conduct or communications of a sexual nature, as outlined above.

150.   Defendants unlawfully discriminated against Plaintiff based on her sex, treated her differently from similarly situated individuals based on her sex, and allowed Plaintiff Linda Sexton to be subject to unlawful harassment based on her sex.

151.   By engaging in such conduct, Defendants denied Plaintiff Linda Sexton the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, in direct violation of ELCRA.

152.   Defendant Redford Charter Township is liable for the acts and/or omissions of their agent/employee, Defendant Dunn, that caused injury to Plaintiffs.

153.   Defendant Redford Charter Township is also liable because they knew or should have known that Defendant Dunn had engaged in prior, similar acts of sexual assault, and knew or should have known of his propensity to act in accordance with the past bad conduct.

154.    As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have sustained and continue to sustain injuries and damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and exemplary damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

<div align="center">

**COUNT VII:**
**ELLIOT LARSON CIVIL RIGHTS**
**HOSTILE WORK ENVIRONMENT**
**All Defendants**

</div>

155.    Plaintiffs incorporate all of the foregoing allegations as if fully restated herein.

156.    Plaintiff Linda Sexton was an employee, as defined by ELCRA and interpreted by the Courts.

157.    Defendants Redford Charter Township is an employer within the meaning of Michigan's Elliott-Larsen Civil Rights Act (hereinafter "ELCRA"), MCL 37.2201 et seq.

158.    Defendant Redford Charter Township is also place of public accommodation and provides a public service within the meaning of the ELCRA 37.2301 et seq.

159.    Defendants Dunn and Cernuto are persons as that term is defined in the Act, and agents of Defendant Redford Charter Township more specifically Defendant Dunn and Cernuto are supervisors in the work program for probationers.

160     Plaintiff's sex was a factor in Defendants' decision to treat her less favorably than other program participants and to failure to address her concerns.

<div style="writing-mode: vertical">Haddad Law Firm, PLC</div>

161.  Plaintiff was subjected to sexual harassment and a sexually hostile work environment.

162.  Employees of Defendant Redford Charter Township knowingly placed her with Defendant Dunn.

163.  The actions of Defendants resulted in discriminating against Plaintiff in the full utilization of or benefit from her employment and or the services, activities, or programs provided by Redford Charter Township because of the sexual harassment she endured.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and exemplary damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

### COUNT VIII:
### ELLIOT LARSON CIVIL RIGHTS
### DISPARATE TREATMENT
### All Defendants

164.  Plaintiff incorporates all of the foregoing allegations as if fully restated herein.

165.  Plaintiff Linda Sexton was an employee.

166.  Defendants Redford Charter Township is an employer within the meaning of Michigan's Elliot-Larsen Civil Rights Act (hereinafter "ELCRA"), MCL 37.2201 et seq.

167.  Defendant Redford Charter Township is also place of public accommodation and provides a public service within the meaning of the ELCRA 37.2301 et seq.

Haddad Law Firm, PLC,

Haddad Law Firm, PLC.

168.    Defendants Dunn and Cernuto are persons as that term is defined in the Act, and agents of Defendant Redford Charter Township more specifically Defendant Dunn and Cernuto are supervisors in the work program for probationers.

169.    Plaintiff's sex was a factor in Defendants' decision to treat her less favorably than other program participants and to failure to address her concerns.

170.    Plaintiff was subjected to sexual harassment and a sexually hostile work environment.

171.    Employees of Defendant Redford Charter Township knowingly placed her with Defendant Dunn.

172.    The actions of Defendants resulted in discriminating against Plaintiff in the full utilization of or benefit from her employment and or the services, activities, or programs provided by Redford Charter Township because of the sexual harassment she endured.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and exemplary damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

<div align="center">

### COUNT IX:
### MONELL CLAIM
### Defendant Redford Charter Township

</div>

173.    Plaintiff incorporates all of the foregoing allegations as if fully restated herein.

174    A municipality may be liable under 42 U.S.C. § 1983 if it had a policy or custom of failing to train, supervise, and/or discipline its employees and that failure to train caused the

constitutional violation. *Payton v. City of Detroit*, 211 Mich. App. 375 (1995) (Quoting *Collins v. Harker Heights*, 503 U.S. 115 (1992)).

175. Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

176. The foregoing rights were clearly established at the time of their violations.

177. The deprivations were caused by the series of policies, customs, and/or established practices by Defendant Redford Township, acting under the color of law, including but not limited to:

a. Failing to train and supervise Defendant Dunn and Defendant Cernuto, to properly interact with probationers;

b. Condoning physical assault on probationers;

c. A policy, practice, or custom of failing to investigate complaints of physical assault and abuse made by supervisors of the work program on the probationers;

d. A custom of failing to supervise or discipline work program supervisors such as Defendant Dunn and Defendant Cernuto;

e. Other policies, customs, and practices to be discovered through the course of litigation.

178. Defendant Redford Township's policies, customs, and established practices of failing to train, supervise, and/or discipline are objectively deliberately indifferent to the likelihood of a probationer being sexually assaulted by work program staff and supervisors such as Defendant Dunn.

Haddad Law Firm, PLC.

179.    Defendant Redford Township had actual or constructive knowledge of the likelihood of danger to probationers by hiring Defendant Dunn and Defendant Cernuto, and consciously disregarded this known danger.

180.    The foregoing violation of 42 U.S.C. § 1983 caused substantial damages to Plaintiff Linda Sexton as alleged herein including, but not limited to, severe and permanent psychological damages, physical harm, and emotional distress.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and exemplary damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

## COUNT X:
## LOSS OF CONSORTIUM

181.    Plaintiff incorporates all of the foregoing allegations as if fully restated herein.

182.    Plaintiff, Michael Sexton, is, and was at all relevant times, the lawful spouse of Plaintiff Linda Sexton.

183.    As a direct and proximate cause of the injuries to his spouse, Plaintiff Michael Sexton sustained additional tasks, expenses, and damages to the normal spousal relationship in their normal life as well as in their private life, known as loss of consortium.

## RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, punitive, and exemplary damages), to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled.

Respectfully submitted,

_/s/ Issa G. Haddad_
HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500

Dated: July 29, 2019

- 23 -

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted,

_/s/ Issa G. Haddad_
HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
Dated: July 29, 2019                   (248) 633-8500

Haddad Law Firm, PLC.

- 24 -

# EXHIBIT A



**STATE OF MICHIGAN**
# DEPARTMENT OF STATE POLICE
BIOMETRICS AND IDENTIFICATION DIVISION

Northville Polygraph
42145 W. Seven Mile Rd
Northville, MI 48167
(248) 380-1000
FAX (248) 380-1005

## LABORATORY REPORT

Agency : Michigan Department of State Police
Agency No. : 22-7210-17
Investigating Ofcr. : Brett Beardslee
Laboratory No. : NP17-72

Polygraph No. : 1
Date of Exam : August 23, 2017

**Nature of Offense:**

1100-7 - Sexual Contact CSC 2nd

**Person Examined:**

Dunn, Larry Lynn (Suspect)

**Test Questions:**

1. Did you touch her bare vagina?  NO
2. Did you touch her bare vagina in that shed?  NO

**Report:**

It is the opinion of the undersigned examiner based on the examination given that this subject is not being truthful regarding this issue.

A Zone Comparison Technique was used during this examination.

There were (4) four chart data collected on the above relevant issue.

Derrick Jordan
Detective Sergeant
Polygraph Section

September 5, 2017

*This report contains the conclusions, opinions, and/or interpretations of the laboratory analyst whose signature appears on this report. This analyst is qualified by education, training, and experience to perform this analysis and does so as part of his or her regular duties. The analysis was conducted in a MSP laboratory accredited under the ASCLD\LAB international program since July 26th, 2012.*

*The relevant supporting data upon which the expert opinion or inference was made are available for review\inspection*