UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SUE SEXTON, and MICHAEL SEXTON,

Plaintiffs,

Case No. 19-cv-12574

*Vs*.                                         HON. MARK A. GOLDSMITH

LARRY LYNN DUNN, et al,
jointly and severally,

Defendants.

| | |
|---|---|
| HADDAD LAW FIRM, PLC<br>Issa G. Haddad (P71699)<br>Attorney for Plaintiffs<br>30600 Telegraph Road, Suite 3150<br>Bingham Farms, MI 48025<br>(248) 633-8500<br>issa@haddlaw.com | KELLER THOMA, P.C.<br>Thomas L. Fleury (P24064)<br>Kathryn E. Jones (P75431)<br>Attorneys for Defendant Cernuto<br>26555 Evergreen, Suite 1240<br>Southfield, MI 48076<br>(313) 965-0857<br>Fax: (313) 965-4480<br>tlf@kellerthoma.com<br>kej@kellerthoma.com |
| MARKO LAW, PLLC<br>Jonathan R. Marko (P74250)<br>Attorney for Plaintiffs<br>27735 Jefferson Avenue<br>St. Clair Shores, MI 48081<br>(616) 813-7627<br>jon@jmarkolaw.com | |
| | CUMMINGS, McCLOREY, DAVIS &<br>ACHO<br>Suzanne P. Bartos (P36490)<br>Attorney for Defendant Redford<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>Fax: (734) 261-4510<br>sbartos@cmda-law.com |
| LAKIN LAW PLLC<br>Marc R. Lakin (P41147)<br>Attorney for Defendant Dunn<br>283 E. Frank Street<br>Birmingham, MI 48009-3636<br>(248)723-1199/Fax: (248) 594-7546<br>marclakin@mac.com | |

## DEFENDANT LARRY DUNN'S MOTION
## TO SET ASIDE THE ENTRY OF DEFAULT

Defendant Larry Dunn, represented by attorney Marc R. Lakin, moves this

Honorable Court, under the authority of Fed. R. Civ. P. 55(c), to set aside the

default entered by the Clerk of the Court on September 13, 2019. (Doc. 15).

Respectfully submitted,

Dated: September 16, 2019

By: /s/*Marc R. Lakin*
MARC R. LAKIN (P41147)
Attorney for Defendant Dunn
283 E. Frank
Birmingham, MI 48009
(248) 723-1199
marclakin@mac.com

**Certificate Regarding Concurrence**

I certify and affirm, in compliance with E.D. Mich. LR 7.1(a)(2)(A), that I personally spoke to Plaintiff's counsel on September 16, 2019, explaining the nature of the relief to be sought by this motion and seeking concurrence in the relief; but opposing counsel expressly denied concurrence.

By: /s/*Marc R. Lakin*
MARC R. LAKIN (P41147)
Attorney for Defendant Dunn

**Local Rule Certification**

I, attorney Marc R. Lakin, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

By: /s/*Marc R. Lakin*
MARC R. LAKIN (P41147)
Attorney for Defendant Dunn

**BRIEF IN SUPPORT OF**
**DEFENDANT LARRY DUNN'S MOTION**
**TO SET ASIDE THE ENTRY OF DEFAULT**

## FACTS AND PROCEEDINGS

On or about July 29, 2019, Plaintiffs filed a civil action against the Defendants in the Third Circuit Court for Wayne County, Michigan. (Case No. 19-010150-NO). The Plaintiffs personally served the summons and complaint to Defendant Larry Dunn on August 11, 2019.

Defense counsel, Marc Lakin, was aware that the Defendants agreed to remove the case to federal court, and he stipulated to its removal. Defendants filed their notice of removal (Doc. 1) on September 3, 2019. Defense counsel for Defendant Thomas Cernuto handled the preparation of the notice of removal, and its submission and filing.

Defendant Cernuto filed his answer to the complaint (Doc. 2) on September 10, 2019, after being personally served on or about August 4, 2019.

Defendant Redford Township filed its answer to the complaint (Doc. 10) on September 13, 2019, after being personally served on August 5, 2019.

Defense counsel for Cernuto filed the notice of removal; however, the notice was filed without disclosure to defense counsel for Dunn or Redford. Defense counsels' understanding was that there would be additional time to answer the

complaint because the case was being removed to federal court, and they also did not realize that the case had already been removed. Email correspondence shows that counsel for Defendants Dunn and Redford were surprised by the Plaintiffs requesting entry of default on September 12, 2019, because they did not know about the removal, and as soon as counsel was aware of the request for default, they attempted to contact Plaintiff's counsel to resolve the issue and file an answer as soon as possible. (Exhibit A - Sept. 12, 2019 Email Correspondence between Haddad, Bartos, and Lakin).

Defense counsel Lakin called Plaintiff's counsel and left a message on Thursday, September 12, 2019, the date Plaintiffs' counsel requested entry of a default. Plaintiffs' counsel wrote an email in response stating that "I will be in the office on Friday after Wayne County motion call. I will try you again on Friday to discuss the failure to answer the complaint timely." (Ex. A). Defense counsel Lakin believed that Plaintiffs' counsel would discuss the filing of the answer and the default on Friday, September 13, 2019, but Plaintiffs' counsel did not call. Defense counsel Lakin called again on Friday, September 13, 2019, but could not reach Plaintiffs' counsel because he was out for the day.

Defendant Dunn and defense counsel worked on the answer to the complaint beginning on 9:00 a.m., Friday, September 13, 2019. It took most of the day, and defense counsel was not able to type out and file the answer to the 183 paragraph

complaint until the next day, Saturday, September 14, 2019. Defense counsel also filed his appearance (Doc. 11) in the middle of Friday, September 13, 2019.

Defendant Dunn electronically filed his answer to the complaint (Doc. 17) on Saturday, September 14, 2019, and the CM/ECF system sent a copy to the parties; defense counsel Lakin also mailed a hard copy to Plaintiff's counsel on September 14, 2019, as well.

Defense counsel Lakin spoke with Plaintiff's counsel on Monday, September 16, 2019, to address the default and the filing of this motion to set aside in light of the fact that Dunn's answer had been filed and was only a few days later than the other Defendants' answers, which were also filed after 21 days had passed from the date of personal service, but Plaintiff's counsel denied concurrence.

## ARGUMENT

Defendant argues that (1) his late filing was not willful–there was no intent to obtain any advantage over the Plaintiffs or deliberately delay this Court's proceedings, that (2) setting aside the default will not prejudice the Plaintiffs, and that (3) Defendant has a meritorious defense.

This Court may set aside a default for "good cause." Fed. R. Civ. P. 55(c). That "decision lies within the discretion of the trial court," … and "exercise of that

discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *United Coin Meter Co v Seaboard C R*, 705 F2d 839, 844 (6th Cir. 1983)(citations omitted).

## I.     **Plaintiffs will not suffer prejudice if the default is set aside**.

Defendant Dunn was served the summons and complaint on August 11, 2019. Just a few days over a month have passed while the case was removed from state to federal court. Plaintiffs received Dunn's electronically filed answer on September 14, 2019, and that minimal delay has not limited the Plaintiffs' ability to fully prosecute their claims through the discovery proceedings that will naturally follow the filing of Dunn's answer.

Plaintiffs cannot claim to be prejudiced from setting aside the default. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F2d at 845 (citing *Keegel v. Key W. & Caribbean Trading Co.*, 200 U.S. App. D.C. 319, 627 F.2d 372, 374 (1980); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982)).

## II. The defense was not engaged in willful or culpable conduct.

At most, defense counsel for Dunn made the mistake of relying on the other parties to notify him about the progress of the removal of the case and believing that Plaintiffs' counsel would deal fairly with him because of the circumstances related to removing the case to federal court.

"When the issue is one of whether to set aside an entry of default so that the 'good cause' standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." *Shepard Claims Serv, Inc v William Darrah & Assoc*, 796 F2d 190, 194-95 (6th Cir. 1986) (quoting *Broglie v. Mackay-Smith*, 75 F.R.D. 739, 742 (W.D. Va. 1977)).

In *Shepard*, the Sixth Circuit Court of Appeals found that the defaulting attorney's conduct was "careless and inexcusable" because he negligently failed to review the work of his secretary, which caused him to miss a filing deadline. *Id.* at 192, 194. However, the Appellate Court in *Shepard* found that the attorney's conduct was not culpable:

> To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.

\* \* \*

We do not believe it appropriate to attempt a precise definition of "culpable conduct." Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.

A default judgment deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys.
[*Shepard Claims Serv*, 796 F2d at 194-95.]

In this case, defense counsel for Dunn made efforts to stay abreast of the proceedings in the case, reasonably seek extensions from the Plaintiffs' counsel to file an answer to the complaint, and to communicate with Plaintiff's counsel once he realized that the case had finally been removed to federal court.

Defense counsel's inadvertent late filing was not a disrespect for the Court or its processes, nor was it "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv*, 796 F2d at 195. The filing was simply late, but just as the other Defendants filed late without prejudice or willful intent to prejudice the Plaintiffs, Defendant Dunn's late filing should also be excused.

Defendant did not willfully file a late answer.

### III.   Defendant Dunn has a meritorious defense.

In determining whether a defaulted defendant has a meritorious defense "likelihood of success is not the measure." *Keegel*, 627 F.2d at 734. "Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F2d at 845 (6th Cir. 1983) (citing *Rooks v. American Brass Co.*, 263 F.2d at 169.

In this case, Plaintiff Linda Sexton has accused Defendant Dunn of sexual assault. Sexton was on probation in state court, and with the help of her attorney, she attempted to frame Dunn for sexual assault to evade her earlier violation of probation by testing positive for prohibited substances.

Sexton had detailed text correspondence with her current attorney, Haddad, explaining how she would obtain an eavesdrop audio recording of Dunn and implicate him for sexual assault, thereby avoiding punishment for violating probation, and as a way of establishing grounds for a civil suit against the Defendants in this case.[1] The recording Sexton produced only showed that Dunn kissed Sexton in response to her initiation of a flirtation.

---

[1] Defense counsel for Dunn intends to file a motion to remove attorney Haddad as Plaintiff's counsel because he is a witness and has a conflict of interest because of the extent of his involvement in setting up the eavesdrop entrapment of Dunn.

Sexton filed a criminal complaint in state court, and Dunn always denied her allegations of sexual assault; although, Dunn admitted that he kissed Sexton, but only in response to her uninvited and self-initiated flirtation with him that was part of the conspiracy to entrap him as part of her probation defense and later civil success. Dunn kissed her once, but he was charged with criminal sexual conduct involving penetration and grabbing Sexton underneath her underclothes.

Dunn denied those allegations. Sexton was asked to produce her underclothes, and when she did produce them, the DNA found on them did not match Dunn.

The Michigan state prosecution discovered the extent of attorney Haddad's involvement in Sexton's actions to entrap and record Dunn, as well as Haddad's providing written statements to the police for Sexton while making the complaint to the police. Over the objection of the complainant, Sexton, the prosecution and state trial court agreed to accept Dunn's no contest plea to simple assault and battery, for only kissing Sexton after she had initiated an intentionally flirtatious and staged encounter designed to entrap Dunn.

In *Rooks v. Am. Brass Co.*, 263 F.2d 166 (6th Cir. 1959), the defendant submitted a proposed sworn answer with the motion to set aside the default judgment which, among other things, denied that it is was indebted to the plaintiff and asserted that it owed plaintiff nothing. *Id*. at 168-169. The answer included

various affirmative defenses, one of which was that defendant was induced to sign the guaranty by fraudulent representations of plaintiff. *Id.* at 169. If any one of those defenses stated a defense good at law, then a meritorious defense was made. *Id.* "A motion is not a proper means of determining the merits or passing on the issues of fact. The existence of fraud is a question of fact." *Id.*

Defendant Dunn has made the same assertions in his answer to the complaint that was filed on September 14, 2019. Dunn denied Sexton's allegations about sexual assault–aside from kissing her once in response to her entrapment advances.

Again, in determining whether a defaulted defendant has a meritorious defense, "likelihood of success is not the measure," *Keegel*, 627 F.2d at 734, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin*, 705 F2d at 845 (6th Cir. 1983) (citation omitted).

Throughout Defendant Dunn's answer to the complaint, he denies Sexton's sexual assault allegations, and the prior criminal resolution of the alleged incidents in this case support his defense.

WHEREFORE, Defendant Dunn moves this Honorable Court to set aside the default entry.

Dated: September 16, 2019

Respectfully submitted,

By: /s/*Marc R. Lakin*
MARC R. LAKIN (P41147)
Attorney for Defendant Dunn
283 E. Frank
Birmingham, MI 48009
(248) 723-1199
marclakin@mac.com

## CERTIFICATE OF SERVICE

I certify that on September 16, 2019, I electronically filed the above *Motion* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

By: /s/*Marc R. Lakin*
MARC R. LAKIN (P41147)
Attorney for Defendant Dunn