UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SUE SEXTON and
MICHAEL SEXTON,

     Plaintiffs,

v.

LARRY LYNN DUNN, THOMAS
CERNUTO, REDFORD CHARTER
TOWNSHIP, a municipal corporation,
jointly and severally,

     Defendants.

HON. MARK A. GOLDSMITH
Case No. 2:19-cv-12574-MAG-APP

**DEFENDANT THOMAS
CERNUTO'S RESPONSE IN
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO
<u>EXCLUDE CERTAIN EVIDENCE</u>**

---

HADDAD LAW FIRM, PLC
Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, MI 48025
(248) 633-8500
issa@haddlaw.com

MARKO LAW, PLLC
Jonathan R. Marko (P74250)
Attorney for Plaintiffs
27735 Jefferson Avenue
St. Clair Shores, MI 48081
(616) 813-7627
jon@jmarkolaw.com

LAKIN LAW PLLC
Marc R. Lakin (P41147)
Attorney for Defendant Dunn
283 E. Frank Street
Birmingham, MI 48009-3636
(248)723-1199/Fax: (248) 594-7546
marclakin@mac.com

KELLER THOMA, P.C.
Thomas L. Fleury (P24064)
Gouri G. Sashital (P64628)
Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen, Suite 1240
Southfield, MI 48076
(313) 965-0857/Fax: (313) 965-4480
tlf@kellerthoma.com
gsr@kellerthoma.com
kej@kellerthoma.com

CUMMINGS, McCLOREY,
DAVIS & ACHO
Suzanne P. Bartos (P36490)
Attorney for Defendant
Redford Charter Township
17436 College Parkway
Livonia, MI 48152
(734) 261-2400/Fax: (734) 261-4510
sbartos@cmda-law.com

**DEFENDANT THOMAS CERNUTO'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE**

NOW COMES Defendant, THOMAS CERNUTO, by his attorneys, KELLER THOMA, P.C., and for his Response In Opposition to Plaintiffs' Motion in Limine to Exclude Certain Evidence, states as follows:

LOCAL RULE CERTIFICATION: I, Kathryn E. Jones, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

For the reasons set forth in the attached Brief in Support, Defendant Cernuto respectfully requests that the Court deny Plaintiff's Motion and award such relief as the Court deems appropriate.

<div style="margin-left: 50%;">

Respectfully submitted,
**KELLER THOMA, P.C.**

By: /s/ Kathryn E. Jones
Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen Road, Suite 550
Southfield, MI 48076
(313) 965-7610
kej@kellerthoma.com
</div>

Dated: January 21, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LINDA SUE SEXTON and
MICHAEL SEXTON,

     Plaintiffs,

v.

LARRY LYNN DUNN,  THOMAS
CERNUTO, REDFORD CHARTER
TOWNSHIP, a municipal corporation,
jointly and severally,

     Defendants.

HON. MARK A. GOLDSMITH
Case No. 2:19-cv-12574-MAG-APP

**BRIEF IN SUPPORT OF
DEFENDANT THOMAS
CERNUTO'S RESPONSE IN
OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE TO
EXCLUDE CERTAIN EVIDENCE**

---

HADDAD LAW FIRM, PLC
Issa G. Haddad (P71699)
Attorney for Plaintiffs
30600 Telegraph Road, Suite 3150
Bingham Farms, MI  48025
(248) 633-8500
issa@haddlaw.com

MARKO LAW, PLLC
Jonathan R. Marko (P74250)
Attorney for Plaintiffs
27735 Jefferson Avenue
St. Clair Shores, MI  48081
(616) 813-7627
jon@jmarkolaw.com

LAKIN LAW PLLC
Marc R. Lakin (P41147)
Attorney for Defendant Dunn
283 E. Frank Street
Birmingham, MI  48009-3636
(248)723-1199/Fax:  (248) 594-7546
marclakin@mac.com

KELLER THOMA, P.C.
Thomas L. Fleury (P24064)
Gouri G. Sashital (P64628)
Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen, Suite 1240
Southfield, MI  48076
(313) 965-0857/Fax: (313) 965-4480
tlf@kellerthoma.com
gsr@kellerthoma.com
kej@kellerthoma.com

CUMMINGS, McCLOREY,
DAVIS & ACHO
Suzanne P. Bartos (P36490)
Attorney for Defendant
Redford Charter Township
17436 College Parkway
Livonia, MI  48152
(734) 261-2400/Fax:  (734) 261-4510
sbartos@cmda-law.com

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................. iii

STATEMENT OF ISSUES PRESENTED........................................... v

MOST APPROPRIATE AUTHORITIES FOR RELIEF SOUGHT .................. vi

INTRODUCTION ............................................................................. 1

COUNTER-STATEMENT OF MATERIAL FACTS ........................................ 1
  A. Factual Background ..................................................................... 1
  B. The Evidence At Issue In This Motion...................................... 3

ARGUMENT ....................................................................................... 5

  A. Plaintiffs' Motion Must Be Denied Because Their Request To
     Preclude Evidence Of Any Collateral Sources Is Impermissibly
     Overbroad Since It Seeks To Exclude All Such Evidence......................... 5

  B. Plaintiffs' Motion Must Be Denied Because Evidence Regarding
     Ms. Sexton's Criminal History Is Relevant And Its Probative
     Value Outweighs Any Prejudice To Defendants....................................... 7

     1. Plaintiffs' Motion Must Be Denied Because Evidence Regarding
       Ms. Sexton's Criminal History Is Relevant ......................................... 7
     2. Plaintiffs' Motion Must Be Denied Because The Probative Value
       Of Ms. Sexton's Criminal History Outweighs Any Prejudice To
       Plaintiff ................................................................................. 10

  C. Plaintiffs' Motion Must Be Denied Because Evidence Regarding
     Ms. Sexton' Retention of Issa Haddad As Her Attorney Is Relevant ........ 11

  D. Plaintiffs' Motion Must Be Denied Because Evidence of Ms.
     Sexton's Falsification On Her Resume Is Admissible Evidence
     Of Plaintiff's Character For Untruthfulness ............................................. 12

i

E. Plaintiffs' Motion Must Be Denied Because DNA Evidence From
Ms. Sexton's Clothing Is Relevant And Its Probative Value
Outweighs Any Prejudice To Plaintiffs ....................................................... 13

    1. Plaintiffs' Motion Must Be Denied Because DNA Evidence
From Ms. Sexton's Clothing Is Relevant ................................................ 13

    2. Plaintiffs' Motion Must Be Denied Because The Probative
Value Of DNA Evidence of Ms. Sexton's Clothing Outweighs
Any Prejudice To Plaintiff ...................................................................... 15

CONCLUSION ................................................................................................. 16

# INDEX OF AUTHORITIES

<u>Cases</u>

*Adelman v. GMAC Mortg. Corp.*,
   No. CIV. A. 97-691, 1998 WL 51131 (E.D. Pa. Feb. 5, 1998)............................13
*Ayers v. City of Cleveland*,
   773 F.3d 161 (6th Cir. 2014) ..............................................................................14
*Blacha v. Gagnon*,
   47 Mich. App. 168, 203 N.W. 2d 292 (1973)......................................................6
*Boudon v. Read*,
   30 Mich. App. 681 186 N.W.2d 737 (1971)........................................................6
*Dortch v. Fowler*,
   588 F.3d 369 (6th Cir. 2009) ..............................................................................14
*Edgerson v. Matatall*,
   No. 10-14954, 2014 WL 172258 (E.D. Mich. Jan. 15, 2014)..............................8
*Eide v. Kelsey-Hayes Co.*,
   431 Mich. 26, 427 N.W.2d 488 (1988).................................................................9
*Greene v. Distelhorst*,
   116 F.3d 1480 (6th Cir. 1997) ..............................................................................8
*Indiana Ins. Co. v. Gen. Elec. Co.*,
   326 F. Supp. 2d 844 ..............................................................................................6
*Jackson v. City of Cookeville*,
   31 F.3d 1345 (6th Cir. 1994) .............................................................................5, 6
*Lewis v. Baker*,
   526 F.2d 470 (2nd Cir. 1975) .............................................................................13
*Prasol v. Cattron-Theimeg, Inc.*,
   No. 09-10248, 2011 WL 2601020 (E.D. Mich. June 30, 2011)............................7
*Reeder v. Cty. of Wayne*,
   No. 15-CV-10177, 2016 WL 3548217 (E.D. Mich. June 30, 2016)..................6, 7
*Robinson v. Runyon*,
   149 F.3d 507 (6th Cir. 1998) ........................................................................ 11, 15
*Sperberg v. Goodyear Tire & Rubber Co.*,
   519 F.2d 708 (6th Cir. 1975) ................................................................................6
*United States v. Bonds*,
   12 F.3d 540 (6th Cir. 1993) .......................................................................... 15, 16
*United States v. Schrock*,
   855 F.2d 327 (6th Cir. 1988) ..............................................................................16
*United States v. Graves*,
   465 F. Supp.2d 450 (E.D. Pa. 2006)...................................................................15

Statutes

42 U.S.C. § 1983 .................................................................................................8, 14
MCL § 600.6303 ...................................................................................................7

Rules

Federal Rule of Evidence 401 .......................................................... passim
Federal Rule of Evidence 402 ................................................................. 8
Federal Rule of Evidence 403 ..........................................................  10, 15
Federal Rule of Evidence 608(b) ....................................................  12, 13
Federal Rule of Evidence 609(a)(2) .....................................................10

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.   **WHETHER THE COURT SHOULD DENY PLAINTIFFS' MOTION IN LIMINE, WHERE PLAINTIFFS' REQUEST TO PRECLUDE EVIDENCE OF ANY COLLATERAL SOURCES IS IMPERMISSIBLY OVERBROAD SINCE IT SEEKS TO EXCLUDE ALL SUCH EVIDENCE?**

Defendant Cernuto answers "yes."
The Court should answer "yes."

II.   **WHETHER THE COURT SHOULD DENY PLAINTIFFS' MOTION IN LIMINE, WHERE EVIDENCE OF PLAINTIFF LINDA SEXTON'S CRIMINAL HISTORY IS RELEVANT TO PLAINTIFFS' CLAIMS AND TO MS. SEXTON'S CREDIBILITY AS A WITNESS?**

Defendant Cernuto answers "yes."
The Court should answer "yes."

III.   **WHETHER THE COURT SHOULD DENY PLAINTIFFS' MOTION IN LIMINE, WHERE EVIDENCE OF MS. SEXTON'S RETENTION OF HER ATTORNEY IS RELEVANT TO PLAINTIFFS' CLAIMS?**

Defendant Cernuto answers "yes."
The Court should answer "yes."

IV.   **WHETHER THE COURT SHOULD DENY PLAINTIFFS' MOTION IN LIMINE, WHERE EVIDENCE OF MS. SEXTON'S FALSIFICATION ON HER RESUME IS RELEVANT TO HER CREDIBILITY?**

Defendant Cernuto answers "yes."
The Court should answer "yes."

V.   **WHETHER THE COURT SHOULD DENY PLAINTIFFS' MOTION IN LIMINE, WHERE DNA EVIDENCE FROM MS. SEXTON'S CLOTHING IS RELEVANT TO PLAINTIFFS' CLAIMS?**

Defendant Cernuto answers "yes."
The Court should answer "yes."

## **MOST APPROPRIATE AUTHORITIES FOR RELIEF SOUGHT**

Federal Rule of Evidence 401

Federal Rule of Evidence 402

Federal Rule of Evidence 403

Federal Rule of Evidence 608

Federal Rule of Evidence 609

*Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708 (6th Cir. 1975).

**INTRODUCTION**

In their Motion, Plaintiffs seek to exclude evidence related to Plaintiff Linda Sexton's ("Ms. Sexton") collateral sources, criminal history, retention of her attorney, Ms. Sexton's untruthfulness, and the laboratory report of DNA evidence from her clothing. As set forth below, Plaintiffs' Motion must be denied because Plaintiffs seek a blanket exclusion of any collateral source evidence, and the evidence of Ms. Sexton's criminal history, her retention of her attorney, her untruthfulness, and the laboratory report bear directly on Plaintiffs' claims as well as Ms. Sexton's credibility as a witness.

**COUNTER-STATEMENT OF MATERIAL FACTS**

**A. Factual Background.**

This case involves Ms. Sexton's participation at the work program operated by Defendant Redford Township's 17th District Court ("17th District Court") for individuals who are ordered by the 17th District Court to perform and complete community service. (ECF No. 30, PageID.524, 525, First Amended Complaint ("FAC"), ¶¶ 1, 10; Ex. 1, Affidavit of Matthew Sawicki, ¶ 4). The Court is no doubt well versed in the underlying facts. A brief summary of the pertinent facts follows.[1]

---

[1] See also the Statement of Materials Facts set forth in Defendant Cernuto's Motion for Summary Judgment, ECF. No. 65, PageID.1574-1578.

The events giving rise to Plaintiffs' Complaint occurred on July 29 and 30, 2017. (ECF No. 30, PageID.525, FAC, ¶ 13). On these dates, Ms. Sexton attended the first two of five days of the community service work program that she was ordered to complete as part of her sentence following her conviction for attempted prescription fraud. (Ex. 2, L. Sexton, pp. 10-11). Defendants Thomas Cernuto ("Cernuto") and Larry Dunn ("Dunn") were the work program supervisors. (Ex. 2, L. Sexton, p. 12). As co-supervisors for the work program, they were responsible for overseeing, transporting, and supervising the individuals ordered to participate in the work program. (Ex. 3, Cernuto, p. 78; Ex. 1, Affidavit of Matthew Sawicki, ¶ 6).

Ms. Sexton described two incidents of alleged sexual assault by Dunn on July 30, 2017. (Ex. 2, L. Sexton, pp. 37-39; pp. 49-51). First, when stopping at the maintenance building to pick up equipment, Dunn kissed Ms. Sexton, touched her breast with one hand, and put his hand in her underwear, inserting his finger into her vagina. (Ex. 2, L. Sexton, pp. 37-39). Second, while stopping at an old concession stand, Dunn kissed Ms. Sexton again and fondled her breast. (Ex. 2, L. Sexton, pp. 49-51).

Ms. Sexton testified that she thought about telling Cernuto, but did not. (Ex. 2, L. Sexton, p. 22). She also testified she did not report Dunn's actions to anyone, including the other probationers or the police. (Ex. 2, L. Sexton, pp. 21-22). Plaintiff admitted that she had no evidence that Dunn told Cernuto what he planned to do.

2

(Ex. 2, L. Sexton, p. 174). Cernuto testified that he did not observe Dunn do anything wrong with a probationer at any time. (Ex. 3, Cernuto, p. 91). Ms. Sexton further admitted that her interactions with Cernuto, outside of those related to directing her to the work on job sites, were limited to him telling her which vehicle to get into. (Ex. 2, L. Sexton, pp. 162-163, 164).

In this lawsuit, Plaintiffs seeks damages for the alleged physical and emotional injuries she claims occurred as a result of Dunn's alleged assault of her. (ECF No. 30, FAC).

### B. The Evidence At Issue In This Motion.

Plaintiffs seek to exclude evidence of Ms. Sexton's collateral sources, criminal history, retention of her attorney, Issa Haddad, untruthfulness, and the laboratory report of DNA evidence on the grounds that such evidence is not relevant to Plaintiffs' claims. On the contrary, evidence of Ms. Sexton's criminal history, retention of Mr. Haddad, untruthfulness, and the laboratory report of DNA evidence from Ms. Sexton's clothing relates directly to Plaintiffs' claims. First, Ms. Sexton was convicted three times in 2017 for stealing the prescription pad from her then employer, Franklin Medical Associates. (Ex. 2, L. Sexton, pp. 10, 67, 71, 73; and Ex. 4, Plaintiffs' Answers to Interrogatory No. 2). She admitted that these three related cases involved fraud, dishonesty, and theft. (Ex. 2, L. Sexton, p. 65). As to her conviction in 17th District Court, Ms. Sexton was convicted for attempted

prescription fraud for stealing the prescription pad and taking the prescription to a pharmacy in Redford Township. (Ex. 2, L. Sexton, pp. 10-11). The 17th District Court sentenced her to two years' probation, five days of the 17th District Court's work release program, and alcohol and drug testing. (*Id.*) As part of her sentence for attempted prescription fraud, Ms. Sexton first participated in the 17th District Court's work program on July 29 and 30, 2017. (*Id.*)

Second, Ms. Sexton texted Mr. Haddad, her criminal attorney, on the evening of July 29, 2017, her first day of the work program, after she received a letter from the Redford Township Probation Department. (Ex. 2, L. Sexton, p. 94; Ex. 5, 07/29, 2017 Text from L. Sexton to I. Haddad). The letter stated that Ms. Sexton had tested positive for alcohol in June 2017 and that she would have to appear again before 17th District Court Judge Khalil. (Ex. 2, L. Sexton, pp. 91, 100; Ex. 5, 07/29/2017 Text from L. Sexton to I. Haddad). This same evening Ms. Sexton and her husband decided to have Ms. Sexton bring a recording device to the following day of the work program. (Ex. 2, L. Sexton, pp. 140-141).

Third, Ms. Sexton admitted at her deposition that she was dishonest on her resume when she indicated that she worked for Dr. Robert Brock for over 10 years even though she was only his patient, and not an employee. (Ex. 2, L. Sexton, pp. 75-76).

Finally, evidence of the laboratory report relates directly to Ms. Sexton's claim. The laboratory report, which was conducted in response to Dunn's criminal case, excluded Dunn as a possible contributor to the DNA obtained from the outer sports bra that Ms. Sexton wore on the date of the alleged sexual assaults. (Ex. 6, 11/8/2018 MSP Laboratory Report). The sports bra was placed in evidence and brought to the Michigan State Police for testing after it was found to have ***not*** been washed following the two alleged incidents when Dunn touched her breast with one hand during the first alleged incident and then fondled her breast during the second alleged incident. (Ex. 2, L. Sexton, pp. 37-39; 49-51; Ex. 5, 7/31/2018 MSP Supplement Incident Report).

## ARGUMENT

### A. Plaintiffs' Motion Must Be Denied Because Their Request To Preclude Evidence Of Any Collateral Sources Is Impermissibly Overbroad Since It Seeks To Exclude All Such Evidence.

In their Motion, Plaintiffs seek to first exclude evidence of collateral sources. The collateral source rule precludes "a tortfeasor from reducing damages owed to a plaintiff by the amount of recovery the plaintiff receives from sources that are collateral to the tortfeasor." *Jackson v. City of Cookeville*, 31 F.3d 1345, 1359 (6th Cir. 1994). Plaintiffs do not in their Motion identify the specific collateral source evidence that they request the Court to exclude. Nor have Plaintiffs identified during discovery that Ms. Sexton even receives collateral source payments. Nevertheless,

5

Plaintiffs request that the Court "preclude any mention or allusion to **any** collateral source, such as insurance benefits." (ECF No. 82, PageID.3290, Pls' Mtn. in Limine, p. 19) (emphasis added). Such broad request is unlike the cases cited in Plaintiffs' Motion, which identified the specific evidence of collateral sources, e.g., pension benefits in *Jackson*, 31 F.3d at 1359, wage continuation benefits in *Blacha v. Gagnon*, 47 Mich. App. 168, 173, 203 N.W. 2d 292, 295 (1973), and medical or hospital expenses in *Boudon v. Read*, 30 Mich. App. 681, 684 186 N.W.2d 737, 739 (1971).

Courts are authorized to exclude evidence in limine "only when [that] evidence is *clearly* inadmissible on *all* potential grounds." *Reeder v. Cty. of Wayne*, No. 15-CV-10177, 2016 WL 3548217, at *1 (E.D. Mich. June 30, 2016) (quoting *Indiana Ins. Co. v. Gen. Elec. Co.* 326 F. Supp. 2d 844, 846 N.D. Ohio 2004) (emphasis in original)).[2] Further, "[o]rders in limine which exclude broad categories of evidence should rarely be employed." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

In *Reeder*, the court explained that it could not resolve the plaintiff's motion in limine "because he had not identified any particular piece of evidence that would be excluded. As a result, the Court cannot assess the likely relevancy or prejudice of the challenged evidence." *Reeder*, 2016 WL 3548217, at *3 (Ex. 8). The court in

---

[2] This unpublished decision is attached hereto as Exhibit 8.

*Reeder* further stated that it was not in the position to rule on admissibility of the plaintiff's personnel file without first reviewing the materials in context. *Id.* It would "not issue a blanket ruling on evidence not fully identified and arguments not fully developed." *Id.*

Like in *Reeder*, Plaintiffs here are requesting from the Court a broad and blanket ruling to exclude collateral source evidence not fully identified. Such request is beyond this Court's authority to exclude evidence in limine. *Reeder*, 2016 WL 3548217, at *1 (Ex. 8). Plaintiffs' Motion must be denied.[3]

### B. Plaintiffs' Motion Must Be Denied Because Evidence Regarding Ms. Sexton's Criminal History Is Relevant And Its Probative Value Outweighs Any Prejudice To Plaintiffs.

#### 1. Plaintiffs' Motion Must Be Denied Because Evidence Regarding Ms. Sexton's Criminal History is Relevant.

Under Fed.R.Evid. 401, evidence is relevant if:

(a)     it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b)     the fact is of consequence in determining the action.

---

[3] Even if this Court were to find that Plaintiffs' request to exclude evidence of "any collateral source" to be within its authority, Plaintiffs' Motion must still be denied because such evidence is admissible under MCL § 600.6303. See also *Prasol v. Cattron-Theimeg, Inc.*, No. 09-10248, 2011 WL 2601020, at *2 (E.D. Mich. June 30, 2011)(denying plaintiff's motion in limine to the extent that a jury entered a verdict in favor of the plaintiff, then the defendant could introduce evidence of collateral source benefits before judgment was entered)(Ex. 9).

All relevant evidence is admissible at trial under Fed.R.Evid. 402. Here, Ms. Sexton's criminal history is relevant for three reasons, discussed below.

First, evidence of Ms. Sexton's criminal history is necessary to give the factfinder the proper context and complete picture of the underlying events giving rise to Plaintiffs' claims against Cernuto. In *Greene v. Distelhorst*, 116 F.3d 1480 (6th Cir. 1997), the plaintiff brought a constitutional claim under 42 U.S.C. § 1983 ("§ 1983") for the use of excessive force during his arrest. The plaintiff in *Greene* sought to exclude evidence for his convictions for drug abuse and resisting arrest arising out of the underlying incident. *Id.* The court denied the plaintiff's motion, finding that such evidence placed "the events surrounding Greene's arrest in the proper context and to show motive for his conduct." *Id.* Further, the court in *Greene* explained that plaintiff's criminal history evidence was admissible "to provide the jury with a full account of the events giving rise to [plaintiff's] present claims." *Id.* See also *Edgerson v. Matatall*, No. 10-14954, 2014 WL 172258, at *6 (E.D. Mich. Jan. 15, 2014)(finding that plaintiff's criminal history evidence was "admissible to provide the jury with a full account of the events" giving rise to the plaintiff's § 1983 claim). (Ex. 10).

Applying *Greene* and *Edgerson* here, it is clear that Ms. Sexton's criminal history, including her three inter-related convictions in 2017 for stealing a prescription pad and attempting to fill a prescription, is a "fact is of consequence in

determining the action." Fed.R.Evid. 401. Following her criminal conviction of attempted prescription fraud in 17th District Court, the court ordered Ms. Sexton, as part of her sentence, to complete five days of the work program. (Ex. 2, L. Sexton, pp. 10-11). Ms. Sexton's conviction for attempted prescription fraud gave rise to her participation at the work program and subsequent alleged sexual assaults. (Ex. 2, L. Sexton, p. 10). Such evidence of Ms. Sexton's criminal history is necessary and relevant to provide the fact finder with the full account of the events surrounding Plaintiffs' claims.

Second, the actual cause of Ms. Sexton's behavioral changes and changes to her relationship with her spouse, Plaintiff Michael Sexton ("Mr. Sexton"), is also a "fact of consequence in determining" Mr. Sexton's claim for loss of consortium. Fed.R.Evid. 401. Cernuto submits that other factors – such as her incarceration for over four months following her convictions in Livonia and in Oakland County Circuit Court (Ex. 9, M. Sexton, p. 20) – must be considered and are the true sources of any alleged changes. Evidence of such "alternative causes" is probative on the issue of what gave rise to Mr. Sexton's loss of consortium claim. Ms. Sexton's criminal history and her resulting incarceration are potential causes for Mr. Sexton's loss of consortium claim. "A claim for loss of consortium is simply one for loss of society and companionship." *Eide v. Kelsey-Hayes Co.*, 431 Mich. 26, 29, 427 N.W.2d 488, 489 (1988). Plaintiffs' incarceration for over four months is a potential

cause for the loss of companionship. Cernuto must be permitted to present such evidence of Ms. Sexton's criminal history, including her incarceration, to the jury, as it is clearly relevant to the actual source of Mr. Sexton's alleged injuries.

Third, Plaintiffs' criminal history, specifically her convictions from 2017, are admissible for the purpose of impeachment. Under Fed.R.Evid. 609(a)(2), evidence of a criminal conviction for any crime must be admitted to attack a witness's character for truthfulness "if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement."

Plaintiffs falsely argue in their Motion that Ms. Sexton's prior crimes "do not contain an element of dishonesty, false statement, or theft." (See ECF No. 82, PageID.3296, Pls' Mtn in Limine). Ms. Sexton admitted, however, that her three inter-related convictions in 2017 involved fraud, dishonesty, and theft. (Ex. 2, L. Sexton, p. 65). Because Ms. Sexton's convictions in 2017 involved dishonesty or a false statement, they are each admissible under Fed.R.Evid. 609(a)(2).

> 2. *Plaintiffs' Motion Must Be Denied Because The Probative Value Of Ms. Sexton's Criminal History Outweighs Any Prejudice To Plaintiff.*

Plaintiffs argue in their Motion that evidence of Ms. Sexton's criminal history must be excluded under Fed.R.Evid. 403, but this argument fails to consider that the evidence is highly probative. The evidence regarding Ms. Sexton's criminal history will provide the factfinder with the complete context of the underlying event giving

rise to Plaintiffs' case, bears directly on Cernuto's theory of the cause of Mr. Sexton's alleged damages, and are probative as to the issue of Ms. Sexton's character for truthfulness. As the Sixth Circuit has held, "Federal Rule of Evidence prohibits the admission of evidence if there is a danger of **unfair** prejudice, not mere prejudice." *Robinson v. Runyon*, 149 F.3d 507, 514-515 (6th Cir. 1998) (emphasis in original); (further holding that "[u]nfair prejudice does not mean the damage to a [plaintiff's] case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis."). The prejudice to Plaintiffs by permitting Cernuto to introduce such evidence is slight in comparison to the prejudice to Cernuto's ability to attack Plaintiffs' claims if such evidence is excluded. Plaintiffs' Motion must accordingly be denied.

### C. Plaintiffs' Motion Must Be Denied Because Evidence Regarding Ms. Sexton's Retention Of Issa Haddad As Her Attorney Is Relevant.

Plaintiffs request in their Motion that the Court exclude evidence as to Ms. Sexton's retention of Issa Haddad as her attorney. According to Plaintiffs, "Plaintiff's retention of Mr. Haddad as her attorney has no tendency to make it more or less probable that Defendants' are responsible for the claims asserted in this case." (ECF No. 82, PageID.3300, Pls' Mtn. in Limine). This argument from Plaintiffs lacks merit. Ms. Sexton's retention of Mr. Haddad as her attorney is "a fact of consequence in determining this action." Fed.R.Evid. 401.

Ms. Sexton testified that on the evening of July 29, 2017, she texted Mr. Haddad to make him aware that she received a notice of probation violation for a positive alcohol test and that she needed to appear before 17th District Court Judge Khalil on August 8, 2017. (Ex. 2, L. Sexton, pp. 98, 100; Ex. 5, 7/29/2017 Text from L. Sexton to I. Haddad). This same evening, Ms. Sexton and her husband decided to have Ms. Sexton bring a recording device to the following day of the work program. (Ex. 2, L. Sexton, pp. 140-141). Ms. Sexton's retention of Mr. Haddad as her attorney, which included her notice to him of her probation violation hearing, is relevant to Ms. Sexton's motive to manufacture the allegations against Defendants. Plaintiffs' Motion must be denied.

### D. Plaintiffs' Motion Must Be Denied Because Evidence Of Ms. Sexton's Falsification On Her Resume Is Admissible Evidence Of Plaintiff's Character For Untruthfulness.

Under Fed.R.Evid. 608(b), a party is allowed to inquire on cross-examination into specific instances of conduct where such conduct would be probative of a witness' character for truthfulness or untruthfulness. Plaintiffs contend in their Motion that Ms. Sexton's lie on her resume about previously working for a physician was "harmless" (ECF No. 82, PageID.3301, Pls' Mtn. in Limine). However, such evidence directly relates to Ms. Sexton's credibility as a witness, and therefore is admissible evidence.

12

Ms. Sexton's credibility as a witness is critical as she is the primary source of evidence with regard to events and underlying circumstances giving rise to her claims. However, her credibility has come into question when she admitted that she was "dishonest" when lying on her resume about her previous employers. (Ex. 2, L. Sexton, p. 75-76). In accordance with Fed.R.Evid. 608(b), Ms. Sexton's admitted misrepresentation on her resume is probative for her character for untruthfulness, and Cernuto is entitled to inquire into the misrepresentations during cross examination. *See Lewis v. Baker*, 526 F.2d 470, 475-76 (2nd Cir. 1975) (upholding trial court's decision in allowing the defendant to question the plaintiff about false answers in his job application because the failure to answer truthfully bears on the witness' capacity for truth-telling); and *Adelman v. GMAC Mortg. Corp.*, No. CIV. A. 97-691, 1998 WL 51131, at *1 (E.D. Pa. Feb. 5, 1998)(finding that the defendant was entitled to inquire during cross-examination in the plaintiff's admitted misrepresentation on his resume and application because they were probative of Plaintiff's character for truthfulness.)(Ex. 12). Plaintiffs' Motion must be denied.

### E. Plaintiffs' Motion Must Be Denied Because DNA Evidence From Ms. Sexton's Clothing Is Relevant And Its Probative Value Outweighs Any Prejudice To Plaintiffs.

#### 1. *Plaintiffs' Motion Must Be Denied Because DNA Evidence from Ms. Sexton's Clothing is Relevant.*

The lack of DNA evidence from Ms. Sexton's clothing attributable to Dunn is relevant to the issues in this case, specifically as to Plaintiffs' allegations that Dunn

sexually assaulted Ms. Sexton. In *Ayers v. City of Cleveland*, 773 F.3d 161 (6th Cir. 2014), the plaintiff brought a constitutional claim under 42 U.S.C. § 1983 for a *Brady* violation and malicious prosecution. *Id*. at 163. Following a jury verdict in favor of the plaintiff, the defendants appealed the trial court's denial, among others, of their motion in limine to exclude the testimony and report about DNA testing on trace evidence. *Id*. at 166. The Sixth Circuit affirmed the trial court's denial of the defendants' motion in limine, recognizing that "the standard for relevancy under Rule 401 is 'extremely liberal.'" *Id*. at 169 (quoting *Dortch v. Fowler*, 588 F.3d 369, 400 (6th Cir. 2009)). The court in *Ayers* explained that the expert's testimony that "the DNA evidence showed no linkage between Ayers and the crime was relevant. [The expert's] testimony tended to prove that Ayers did not kill Brown, which bears on Ayer's malicious prosecution charge…" *Id*. The court in *Ayers* further found that evidence concerning the plaintiff's innocence was "also relevant to the issue of damages." *Id.*

Applying *Ayers* and the Sixth Circuit's "extremely liberal" Rule 401 relevancy standard, it is clear that DNA evidence from Ms. Sexton's clothing is a "fact of consequence in determining the action" and therefore is admissible. *Ayers*, 773 F.3d at 169; Fed.R.Evid. 401. Dunn disputes the sexual assault allegations raised by Plaintiffs. Rather, he testified that he and Ms. Sexton engaged in consensual kissing. (Ex. 13, Dunn, p. 128). The DNA evidence from the laboratory reports could

14

establish Dunn's innocence to Plaintiffs' sexual assault allegations; and as a consequence, that Cernuto did not violate Ms. Sexton's constitutional rights based upon the allegations that he failed to protect her and failed to intervene. Plaintiffs' Motion must accordingly be denied.

    2.  *Plaintiffs' Motion Must Be Denied Because The Probative Value Of DNA Evidence Of Ms. Sexton's Clothing Outweighs Any Prejudice To Plaintiff.*

Plaintiffs argue in their Motion that DNA evidence of Ms. Sexton's clothing must be excluded because "[t]his DNA evidence, even if found relevant will likely be found more prejudicial than probative." (ECF No. 82, PageID.3304, Pls' Mtn in Limine). As the Sixth Circuit has held, "Federal Rule of Evidence 403 prohibits the admission of evidence if there is a danger of **unfair** prejudice, not mere prejudice." *Robinson v. Runyon*, 149 F.3d 507, 514-515 (6th Cir. 1998) (emphasis in original).

Plaintiffs rely upon *United States v. Graves*, 465 F. Supp.2d 450 (E.D. Pa. 2006), to argue that the DNA evidence would be prejudicial and should be inadmissible under Fed. R. Evid. 403. (ECF No. 82, PageID.3305-3306, Pls' Mtn in Limine). Plaintiffs, however, have overlooked that the court in *Graves* cited an applicable Sixth Circuit decision – *United States v. Bonds*, 12 F.3d 540, 547 (6th Cir. 1993).

In *Bonds*, the Sixth Circuit affirmed the trial court's ruling to admit testimony based upon DNA evidence. *Id*. at 568. The court in *Bonds* explained that unfair prejudice "does not mean the damage to a defendant's case that results from the

legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." *Id.* (quoting *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988) (internal quotations omitted)). The Sixth Circuit found the following:

> The aura of reliability surrounding DNA evidence does present the prospect of a decision based on the perceived infallibility of such evidence, especially in a case such as this where the evidence is largely circumstantial. However, the damaging nature of the DNA evidence to defendants and the potential prejudice does not require exclusion. *Id.* at 567-68.

Here, the DNA evidence collected from Ms. Sexton's sports bra has probative value because it shows that Dunn can be excluded as a contributor to the DNA evidence recovered from the sports bra. Moreover, the prejudice to Plaintiffs by permitting Cernuto to introduce such evidence is slight in comparison to the prejudice to Cernuto's ability to attack Plaintiffs' claims and allegations of sexual assault by Dunn if such evidence is excluded. Plaintiffs' Motion must accordingly be denied.

## CONCLUSION

For the reasons set forth above, Defendant Thomas Cernuto respectfully request that the Court deny Plaintiffs' Motion in Limine to Exclude Certain Evidence, and to award other relief the Court deems appropriate.

Respectfully submitted,

**KELLER THOMA, P.C.**

By:  /s/ Kathryn E. Jones
Kathryn E. Jones (P75431)
Attorneys for Defendant Cernuto
26555 Evergreen Road, Suite 550
Southfield, MI  48076
(313) 965-7610
Dated:  January 21, 2021          kej@kellerthoma.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 21, 2021, I electronically filed the foregoing ***Defendant Thomas Cernuto's Response in Opposition to Plaintiffs' Motion in Limine to Exclude Certain Evidence*** with the Clerk of the Court using the ECF system which will send notification to all counsel of record.

By:    /s/ Kathryn E. Jones
Kathryn E. Jones (P75431)

17