UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SUE SEXTON, et al.

        Plaintiffs,                             Case No. 19-12574
                                                                Hon. Mark A. Goldsmith

vs.

THOMAS CERNUTO, et al.,

        Defendants.
_____/

**ORDER & OPINION**
**(1) GRANTING DEFENDANT THOMAS CERNUTO'S MOTION TO STAY PROCEEDINGS PENDING APPEAL (Dkt. 92), (2) STAYING ALL PROCEEDINGS, (3) ADJOURNING ALL DEADLINES, (4) ADMINISTRATIVELY CLOSING THE CASE, AND (5) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' MOTION IN LIMINE (Dkt. 82)**

Defendant Thomas Cernuto filed a motion for summary judgment arguing that (i) Plaintiff Linda Sexton's claims against him fail on the merits, (ii) Plaintiff Michael Sexton's loss of consortium claim against Cernuto fails because it is derivative of Linda Sexton's claims, and (iii) Cernuto is entitled to qualified immunity (Dkt. 65). The Court denied Cernuto's motion for summary judgment (Dkt. 81). Cernuto filed a notice of appeal of the Court's denial of his claim of qualified immunity (Dkt. 90). This matter is now before the Court on Cernuto's motion to stay proceedings pending appeal (Dkt. 92). The Sextons oppose this motion (Dkt. 96). Cernuto filed a reply (Dkt. 97). Defendant Larry Dunn did not file any response. For the following reasons, the Court grants Cernuto's motion and stays all proceedings.[1]

**I. BACKGROUND**

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

In July 2017, Linda Sexton was allegedly sexually assaulted by Dunn, a supervisor for the Redford Charter Township work program, while Sexton was completing court-ordered community service through the Redford work program. Am. Compl. ¶ 1 (Dkt. 30). According to the allegations, another supervisor, Cernuto, knowingly isolated Linda Sexton from other probationers participating in the work program to help Dunn sexually assault her. Id. at ¶¶ 136-137. The Sextons filed the present lawsuit against Dunn, Cernuto, and Redford pursuant to 42 U.S.C. § 1983.

Cernuto subsequently moved for summary judgment on all claims against him, arguing that the Sextons' claims lacked merit and that Cernuto was entitled to qualified immunity (Dkt. 65). The Court denied Cernuto's motion (Dkt. 81). With respect to Cernuto's claim of qualified immunity, the Court held that "[i]t is a clearly established right under the substantive component of the Due Process Clause that an individual has a constitutional right to personal security and to bodily integrity," id. at 11, 18 (citing Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ., 103 F.3d 495, 507 (6th Cir. 1996)), and, thus, the relevant question was whether "Cernuto's actions amount to a constitutional deprivation of Sexton's right to personal security and bodily integrity," id. at 12, 18. The Court answered this question in the affirmative, taking the facts in the light most favorable to Sexton, explaining that "Sexton has provided circumstantial evidence that Cernuto had a role in the assaults" by, specifically, encouraging and facilitating Dunn's sexual assault. Id. at 12-13, 18.

## II. DISCUSSION

The Court first addresses the parties' dispute regarding the applicable standard to utilize in determining whether a stay is appropriate and holds that, under the applicable standard, a stay should be granted unless the appeal is frivolous or for the sole purpose of delay. Next, the Court concludes that Cernuto satisfies that standard. Finally, the Court considers whether to stay all

proceedings, and finds that judicial economy and judicial administration favor staying all proceedings.

### A. Cernuto's Appeal is Neither Frivolous nor For the Sole Purpose of Delay

The parties disagree as to the applicable standard for resolving the instant motion to stay proceedings pending appeal. Cernuto argues that to determine whether to grant a stay pending appeal, the Court must consider the four factors traditionally applied in evaluating whether to grant a preliminary injunction. Def. Mot. at 4 (Dkt. 92). In support of his argument, Cernuto cites Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150 (6th Cir. 1991), a case that did not involve an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity. The Sextons argue that a stay pending appeal should not be granted if the appeal is frivolous or would only serve to delay trial. Pls. Resp. at 4, 8 (Dkt. 96). The Sextons are correct.

"Because qualified immunity is a protection not only from liability, but also from the trial process, a stay of proceedings in the trial court while the appeal is prosecuted is generally required to preserve the rights of state officials." Gentry v. Wayne County, No. 10-11714, 2011 WL 13160849, at *1 (E.D. Mich. Oct. 17, 2011); see also Kennedy v. City of Cleveland, 797 F.2d 297, 299 (6th Cir. 1986) (recognizing that an appeal from a denial of qualified immunity "oblig[es]" the district court to "refrain from proceeding to trial . . . until that issue is decided"). However, a district court may decline to stay a case pending an interlocutory appeal of a finding that a defendant was not entitled to qualified immunity if the appeal is (i) frivolous or (ii) being sought solely for purposes of delay. Yates v. City of Cleveland, 941 F.2d 444, 448 (6th Cir. 1991) (recognizing district court's discretion to certify appeal on qualified immunity grounds as frivolous and begin trial); Howlett v. City of Warren, No. 17-11260, 2020 WL 5095521, at *1, *2 n.2 (E.D.

3

Mich. Aug. 28, 2020) (granting stay pending interlocutory appeal of denial of qualified immunity upon finding that the appeal was neither frivolous nor sought for dilatory purposes).

An appeal is "frivolous" if it is "obviously without merit," meaning that the appeal is "solely a fact-based challenge to the plaintiffs' evidence and the district court's findings." McDonald v. Flake, 814 F.3d 804, 816 (6th Cir. 2016); see also Howlett, 2020 WL 5095521, at *2. A fact-based challenge is frivolous because a district court's denial of a claim of qualified immunity is an immediately appealable final order only "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); see also 28 U.S.C. § 1291. An appeal "turns on an issue of law" if the challenge raised on appeal has some "legal aspect to it," which is to say that the challenge cannot be "aimed solely at the district court's determination of the record-supported evidence[.]" Bunkley v. City of Detroit, 902 F.3d 552, 560-561 (6th Cir. 2018). The reason that an interlocutory challenge to a denial of a qualified immunity claim must "turn on an issue of law" is that an appellate court may not "decide a challenge to the district court's determination of 'evidence sufficiency,' i.e., which facts a party may, or may not be able to prove at trial," but it may "decide a challenge to the district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established." Id. at 559.

In the present case, the Court based its denial of Cernuto's claim of qualified immunity on the conclusions that (i) there is "a clearly established right under the substantive component of the Due Process Clause that an individual has a constitutional right to personal security and to bodily integrity," and (ii) Linda Sexton "created a triable issue that Cernuto violated her right to personal security and to bodily integrity by participating in or encouraging Dunn's sexual assault." 1/5/21 Opinion at 18 (Dkt. 81). Cernuto appeals both conclusions arguing, primarily, that the Court should have agreed with his position that "there was no clearly established law that would have

4

placed Mr. Cernuto, a non-law enforcement officer, on notice on July 29 and 30, 2017, that his actions – i.e., having no knowledge of nor directly participating in an alleged sexual assault of a probationer by a co-worker – would constitute a constitutional right violation." Def. Mot. at 5-6, 5 n.3.

The Court's conclusions that Cernuto appeals are "legal determination[s] that the defendant's actions violated a constitutional right [and] that the right was clearly established." See Bunkley, 902 F.3d 560-561. "The Court's reliance on factual disputes in resolving the motion does not preclude the Sixth Circuit from answering the purely legal questions the appeal will present." Gentry, 2011 WL 13160849, at *2 (citing Estate of Carter v. City of Detroit, 186 F.3d 685, 689-690 (6th Cir. 2005)). As a result, Cernuto's challenge to the Court's denial of his claim of qualified immunity clearly has at least some "legal aspect" to it. For this reason, the Court concludes that Cernuto's appeal is not frivolous.

Further, there is no evidence that Cernuto's appeal is being sought solely for the purpose of delaying trial. The Sextons argue that the "unmistakable futility" of Cernuto's appeal "is compelling evidence" that the appeal is prosecuted only to delay trial. Pls. Resp. at 8-9. According to the Sextons, Cernuto's appeal is unmistakably futile because (i) it is clearly established law in the Sixth Circuit that individuals have an obvious right to not be sexually assaulted by state actors; (ii) the facts, taken in the light most favorable to the Sextons, establish that Cernuto violated Sexton's constitutional rights; and (iii) the only issues presented on appeal are issues of fact. Id. at 4-8. With respect to the Sextons' third argument, the Court has already held that Cernuto's appeal has at least some legal aspect to it. With respect to the Sextons' other two arguments, the Sextons are correct that the "unmistakable futility" of an appeal may influence the Court's view of whether a defendant's appeal is brought for the improper purpose of delaying trial. See McDonald, 814 F.3d at 817 (citing Bridgeport Music, Inc. v. Smith, 714 F.3d 932, 944 (6th Cir.

2013)). However, the Sextons do not point to any controlling authority on all fours with the present case that expressly shows that Cernuto's position is unquestionably wrong. As a result, the Court cannot say that Cernuto's appeal is unmistakably futile.

Moreover, that the interlocutory appeal will necessarily delay trial does not, alone, establish that the appeal is sought for dilatory purposes. For instance, in McDonald, the Sixth Circuit found that the two defendants appealed the district court's denial of qualified immunity for the improper purpose of delaying trial where (i) one defendant engaged in over two years of discovery before filing his motion for qualified immunity and, further, he filed the appeal "only days" before the trial was scheduled to begin; and (ii) the second defendant filed its appeal after the first and "only after the district court had denied its motion to continue trial to a later date." 814 F.3d at 817. Here, by contrast, Cernuto filed his motion for summary judgment seeking qualified immunity when the case had been pending for approximately one year, and he timely filed his notice of appeal and corresponding motion to stay proceedings pending appeal roughly four months before the trial date.

Because Cernuto's appeal is neither frivolous nor sought solely to delay trial, the Court grants Cernuto's motion to stay the proceedings pending appeal.

### B. All Proceedings are Stayed Pending Appeal

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Further, "[i]t is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." In certain circumstances, the district court may retain limited power to address aspects of the case not involved in the appeal, but only when the court's action "do[es] not threaten" the "orderly

disposition" of the interlocutory appeal. 16A Wright & Miller Fed. Prac. & Proc. Juris. § 3949.1 (5th ed. 2020).

Assuming that this Court retains jurisdiction over the portions of this case not involved in Cernuto's appeal, the question is whether the Court, in its discretion, should stay all proceedings. Caselaw from this circuit supports staying all proceedings pending an appeal of a denial of qualified immunity to fewer than all defendants if doing so will foster judicial economy and judicial administration. For example, in Johnson v. City of Saginaw, the court stayed all proceedings during the pendency of the court's denial of two defendants' qualified immunity claims. No. 17-13174, 2019 WL 1400408, at *5 (E.D. Mich. Mar. 28, 2019). The Johnson court found persuasive the defendants' argument that if the Sixth Circuit determined that the two appealing defendants were entitled to qualified immunity, it was possible that the remaining defendant would also be entitled to qualified immunity. Id. The court thus concluded that "judicial economy calls for a stay of the case as the issues reviewed by the Sixth Circuit may impact those present in this case." Id. Similarly, in Speers v. Cty. of Berrian, the court held that "sound judicial administration" compelled the court to stay all proceedings pending certain defendants' appeal of the denial of their qualified immunity claims. No. 04-32, 2005 WL 1907525, at *3 (W.D. Mich. Aug. 10, 2005). The Speers court observed that the plaintiff's proposal that the court proceed to trial on the claims and defendants not involved in the appeal "is a recipe for needless duplication, waste, and expense." Id.

The reasoning supporting a stay of all proceedings in Johnson and Speers is equally applicable in the present case. Dunn and Cernuto have both asserted qualified immunity claims that turn on the existence of the same clearly established right—the right to personal security and

7

to bodily integrity. See Dunn Answer at 33-34 (Dkt. 18) (asserting claim of qualified immunity).[2] As a result, the issues reviewed by the Sixth Circuit on Cernuto's appeal may impact the issues on which Dunn will be tried and, further, trying Dunn before Cernuto's appeal is resolved would result in duplication, waste, and additional expense. Accordingly, to promote judicial economy and judicial administration, the Court stays all proceedings in this case.

### III. CONCLUSION

For the foregoing reasons, Cernuto's motion to stay pending appeal (Dkt. 92) is granted and the case is hereby stayed pending the Sixth Circuit's decision on Cernuto's interlocutory appeal. All deadlines are adjourned until further order of the Court, and the case is administratively closed. Upon resolution of the appeal, either side may move to reopen the case and lift the stay. Because this case is now administratively closed and all deadlines have been adjourned, the Court dismisses without prejudice the Sextons' pending motion in limine (Dkt. 82).

SO ORDERED.

Dated: March 12, 2021  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

---

[2] Although Dunn did not file an answer to the Sextons' amended complaint, the Sextons were on notice of Dunn's affirmative defense of qualified immunity from his answer to their original complaint, thus satisfying the purpose of Rule 8(c), which is to give the opposing party notice of the affirmative defense and a chance to respond. See Murphy v. Lazarev, 589 F. App'x 757, 764 (6th Cir. 2014) (citing Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997)). Therefore, Dunn did not waive his affirmative defense of qualified immunity by failing to file an answer to the amended complaint. See id.